IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                      :

RAFAEL FIGUEROA RIVERA AND            :     CASE NO. 05-04408(SEK)
JACKELINE ATILES IRIZARRY,
       DEBTORS                        :     CHAPTER 13

- - - - - - - - - - - - - - - - - - - - -

GENERAL ELECTRIC CAPITAL              :
CORPORATION OF P.R.,
       MOVANT                         :

  v.                                  :

DEBTORS & THE TRUSTEE,                :

  RESPONDENTS                         :

- - - - - - - - - - - - - - - - - - - - -

```
FILED & ENTERED

1 0 MAR 2006

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO
```

## OPINION AND ORDER

The only issue in this contested matter seeking relief from the automatic stay, is whether Debtors may question the existence of General Electric Capital Corp. P.R.'s lien asserted here.  For reasons stated below, we find Movant may not assert this affirmative defense due to the stipulation between the parties, incorporated into the final judgment entered by the nonbankruptcy court before Debtors filed this bankruptcy petition.

The parties agree to these facts.  G.E. Capital sued Debtors and their conjugal society in the Tribunal de Primera Instancia, Sala Municipal de Guaynabo, Puerto Rico attempting to collect $39,290.74 and other charges, guaranteed by a Security Agreement (Retail Installment Contract) encumbering a 1999 Kenworth Motor truck, more fully described in the second paragraph of the motion for relief from stay.  The parties filed an "Estipulación de Sentencia Por Transacción" incorporated into the Judgment dated May 9, 2004,



2

notified on May 18, 2004.[1]  Pertinent parts of this agreement provide:

> 1- La parte demandante está sometiendo demanda en el caso de epígrafe, copia de la cual le ha sido notificada a la parte demandante.  Esta última reconoce haber leido con detenimiento todas y cada una de las alegaciones de la demanda, las cuales acepta por ser correctas.
>
> . . .
>
> 3- Las partes ...[a]claran, y así reconocen, que no es el propósito de esta Estipulación el que haya una renovación de la deuda original.  Exponen que cualesquiera acuerdos, que se hayan otorgado entre ellos relacionados con la transacción original, y que no estén en conflicto con lo aquí estipulado, quedan en efecto con todo su fuerza y vigor.

Pertinent parts of the settled suit state:

> ...[L]a parte demandante le concedió un préstamo a la parte demandada por la suma principal de $75,480.00 para financiarle la compra de un camión para su negocio, cuyo préstamo quedó evidenciado por Contrato de "Security Agreement" (Retail Instalment Contract), del cual la parte demandante es tenedora por cesión.  Copia de éste se une y se hace formar parte de esta demanda, marcándose Anejo 1.

Debtors asserted the following affirmative defense which is the crux of this dispute.

> 1.  Plaintiff [sic] and debtor [sic] modified the original contract and the amended modification was not filed at the Department of Transportation and Public Works as required by the Secured Transactions Act of 1996, thus, the debt is unsecured.  No evidence of perfection of amended security was filed as required by Bankruptcy Rule 3001(d).[2]

There are three reasons why we reject this affirmative defense. First, this defense is inconsistence with the very terms of the settlement incorporated into the judgment, as may be seen in the

---

[1]  Debtors filed this voluntary petition for bankruptcy under Chapter 13 on May 12, 2005.

[2]  Debtors reference to the modification of the original contract is the stipulation incorporated into the judgment by the non bankruptcy court described above.

3

paragraphs cited above. Second, a change in a loan's repayment terms does not cause extinctive novation.[3] Thus, the Security Agreement (Retail Installment Contract) continues to guarantee repayment of this loan with its revised payment schedule. Third, the existence of the lien cannot be questioned now, as it merged into the final judgment recognizing its existence and validity. Thus, Movant cannot challenge the lien in this reorganization in bankruptcy. *AVX Corporation and AVX Ltd. v. Cabot Corporation*, 424 F.3d 28, 30 (1st Cir., 2005).

As Debtors may no longer challenge the existence and/or validity of Movant's lien, the motion for relief from stay is hereby granted.

**SO ORDERED**, in San Juan, Puerto Rico, on March 10, 2006.

SARA DE JESÚS
U.S. Bankruptcy Judge

---

[3] *Francisco Garratón, Inc. v. Lanman & Kemp-Barclay & Co.*, 559 F. Supp. 405, 407 (D.C.P.R. 1983); *Federal Deposit Insurance Corporation v. P.L.M. International, Inc, et al*, 834 F. 3d 248, 251-252 (1st Cir. 1987); *La Corporación Colón & Compañía, Inc. v. El Registrador de la Propiedad de Ponce*, 88 P.R.R. 77, 81-82 (1963).